# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERELYN D. HILL | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-364 |
| v. | : | (MANNION, D.J.) (MEHALCHICK, M.J.) |
| ANDREW SAUL, Commissioner of Social Security,[1] | : | |
| | : | |
| Defendant | | |

## MEMORANDUM

Before the court is the report and recommendation ("Report") of Magistrate Judge Karoline Mehalchick, wherein she recommends that the court enter judgment in favor of the Commissioner of Social Security ("Commissioner") and against the plaintiff Jerelyn D. Hill ("Hill"). (Doc. 14). The Report further recommends that the court affirm the Commissioner's final decision denying Hill's application for disability benefits under the Social Security Act. Hill has filed objections to the Report. (Doc. 15).

---

[1] On June 17, 2019, Andrew Saul was sworn in as the Commissioner of the Social Security Administration. Pursuant to Fed.R.Civ.P. 25(d), he has been substituted as the defendant in this case.

## I. BACKGROUND

In June 2015, Hill filed an application for social security income benefits, claiming disability as of January 1, 2013, due to a seizure disorder and post-traumatic stress disorder ("PTSD"). After conducting a hearing, an administrative law judge ("ALJ") determined that Hill was not disabled and, thus, not eligible for benefits or income. (Doc. 8-2, at 15). Hill sought review, but the Social Security Appeals Counsel denied the request. (Doc. 8-2, at 2). Hill then commenced this action on March 1, 2019. In her Report, Judge Mehalchick concludes that the Commissioner's decision is supported by substantial evidence and reflects a proper application of the law and regulations and therefore should be affirmed.

## II. STANDARD

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

Even where no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

### III.  DISCUSSION

Hill objects to the Report insofar as it concludes that the ALJ did not err in crediting the opinion of the State agency physician, Dr. Banks, despite the fact that Dr. Banks did not have access to significant medical evidence later entered into the record. However, as Judge Mehalchick aptly explained, it was not an error for the ALJ to do so because, according to the Third Circuit, an update to the State agency medical consultant's report is only required when "additional medical evidence is received that *in the opinion of the [ALJ]*" may change the consultant's finding that "the impairment(s) is not equivalent in severity to any impairment in the Listing." (Doc. 14, at 11)

(quoting *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (emphasis in original)).

Hill, however, disagrees, arguing that the ALJ was not qualified to interpret the additional medical evidence. In support, she cites two Seventh Circuit cases wherein the court held that ALJs must rely on expert opinions instead of determining the significance of particular medical findings themselves. *See Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016) (holding an ALJ erred by, *inter alia*, continuing to rely on an outdated assessment and by evaluating MRIs and recommendations in a report with "significant, new, and potentially decisive findings" himself instead of consulting a physician); *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014) (stating "ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves," where the ALJ reviewed an MRI and determined it was "unremarkable").

This objection is **OVERRULED**, as Hill's contention is inconsistent with both the text of the Social Security ruling and Third Circuit precedent. As noted above, only where "'additional medical evidence is received that *in the opinion of the [ALJ]* . . . may change the State agency medical . . . consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing,' is an update to the report required." *Chandler*, 667

F.3d at 361 (emphasis in original) (quoting SSR 96-6p (July 2, 1996)). Inherent in that quotation is the fact that the ALJ is qualified to review the additional medical evidence and make a determination as to whether it, in his opinion, necessitates an update to the report.

As the Report observes, the ALJ discussed the additional medical evidence—to wit, an examination by Dr. Shirk in September 2016 and an examination by Dr. Gray in April 2017. Significantly, Dr. Shirk and Dr. Gray, like Dr. Banks, determined that Hill had an overall normal mental status. (Doc. 8-2, at 27). Although Dr. Gary completed an assessment of Hill in May 2017 and reported that Hill had, *inter alia*, "extreme limitation in her ability to maintain social functioning," the ALJ found this assessment was of little weight. (Doc. 8-2, at 27). The court agrees with the Report that this determination by the ALJ was supported by substantial evidence since the "extreme and marked limitations" of the report were not consistent with Dr. Gary's own notes from the month prior, (Doc. 8-10, at 36), or Hill's other medical records.

Moreover, unlike in the Seventh Circuit cases that Hill cites, the ALJ here did not evaluate and make his decision based upon raw medical data from a diagnostic test, such as an MRI. Instead, the ALJ considered Dr. Banks's opinion in the context of the full record, including medical records

from evaluations that occurred after Dr. Banks's authored his report, all of which, with the exception of Dr. Gary's May 2017 assessment, were consistent with Dr. Banks's opinion. Thus, the court agrees with the Report that the ALJ did not err in considering Dr. Banks's opinion.

Relatedly, Hill argues that there was not sufficient evidence supporting the ALJ's findings with regard to her obesity. In particular, Hill contends that the ALJ failed to explain his reasoning with respect to the conclusion that her combination of impairments would impact her ability to stand or walk but not her ability to sit. The Report, however, notes that Hill, whose burden it was to present evidence of this alleged impairment, "provided no evidentiary support demonstrating the effect of her obesity on her ability to sit." (Doc. 14, at 14). To the contrary, as the ALJ observed, despite her obesity, Hill still exhibited normal or benign examination findings, including a normal gait. Thus, the court agrees with the Report that substantial evidence supports the RFC insofar as it relates to Hill's obesity, and this objection is **OVERRULED**.

Lastly, Hill objects to the Report's finding that the ALJ properly evaluated Hill's symptom allegations in crafting her residual functional capacity ("RFC"). As in her brief in support of her appeal, Hill argues that the

ALJ failed to explain what is "routine and conservative" about prescription-strength psychiatric medications. (Doc. 15, at 4).

This objection is likewise **OVERRULED**. As Judge Mehalchick noted, the ALJ considered the Hill's overall mental health picture, including the fact that Hill did not begin medication management with a psychiatrist until May 2015, did not require inpatient hospitalizations, and exhibited relatively stable mental status examination findings, including normal thought processes and content, memory, cognition, attention, and concentration. In light of this, the court agrees with Judge Mehalchick that the ALJ did not error in evaluating Hill's symptoms when crafting the RFC.

Accordingly, after reviewing Judge Mehalchick's Report, (Doc. 14), as well as Hill's objections, (Doc. 15), the court **ADOPTS IN FULL** Judge Mehalchick's recommendation that the court enter judgment in favor of the Commissioner and against Hill and affirm the Commissioner's final decision denying Hill's application for disability benefits. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 30, 2020**
19-0364